IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAVIGANT CONSULTING, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-02-CV-2186-B |
| | § | |
| JOHN WILKINSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants have filed a motion to compel Julie Howard, Executive Vice-President and Chief Operating Officer of Plaintiff Navigant Consulting, Inc., to appear and testify at the trial of this cause.[1] Plaintiff opposes the motion because Howard resides outside the subpoena range of this court, has longstanding vacation plans, and was previously deposed by defendants. The motion has been fully briefed by the parties and is ripe for determination.

The threshold issue is whether the federal rules empower this court to compel Howard to appear for trial. Fed. R. Civ. P. 45(b)(2) provides, in pertinent part:

> Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of . . . trial[.]

Fed. R. Civ. P. 45(c)(3)(A), in turn, provides:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it--

---

[1] Defendants also moved to compel Phillip Steptoe, William Jones, and Douglas Reichert to appear at trial. After this motion was filed, plaintiff agreed to produce Steptoe. Defendants then withdrew the subpoenas for Jones and Reichert.

\* \* \* \*

> (ii) requires a person *who is not a party or an officer of a party* to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held[.]

The parties agree that Howard is an officer of plaintiff who lives and works in the Chicago area. However, they dispute whether Rules 45(b)(2) and 45(c)(3)(A)(ii) authorize defendants to subpoena her for trial. At least one court has held that Rule 45(c)(3)(A)(ii) does not extend the subpoena range of a court beyond the 100-mile radius set forth in Rule 45(b)(2), even for officers of parties. *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 396-97 (N.D. Iowa 1998). But *Johnson* has been subsequently criticized and rejected by almost every other court to consider the issue, including another judge in the same district. *Ferrell v. IBP, Inc.*, 2000 WL 34032907 at \*1 (N.D. Iowa Apr. 28, 2000). *See also In re Ames Department Stores, Inc.*, 2004 WL 1661983 at \*3 (S.D.N.Y. Bnkr. Jun. 25, 2004); *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999); *Younis v. American University in Cairo*, 30 F.Supp.2d 390, 395 n.44 (S.D.N.Y. 1998); *Stone v. Morton International, Inc.*, 170 F.R.D. 498, 500-01 (D. Utah 1997); *Venzor v. Chavez Gonzalez*, 968 F.Supp. 1258, 1267 (N.D. Ill. 1997). This court agrees with the vast majority of decisions holding that the 100-mile limit on service of trial subpoenas does not apply to parties and their officers. When read together, Rules 45(b)(2) and 45(c)(3)(A)(ii) support such an interpretation.

Plaintiff further objects that Howard is unavailable for trial due to longstanding vacation plans. In support of this claim, Howard states that she will be in California on a family vacation from August 3, 2005 to August 7, 2005. Howard has already paid for airplane tickets and made hotel reservations. (*See* Plf. App., Exh. A at 1, ¶ 3). However, it is not clear when Howard made these vacation plans. As early as May 13, 2005, defendants asked plaintiff to confirm that Howard

would be available to testify at trial. Plaintiff never told opposing counsel that Howard would be on vacation. In fact, on June 10, 2005, plaintiff listed Howard as a "probable witness" who would testify at trial either in person or by deposition. (Def. App., Exh. C at 9). While it may be inconvenient for Howard to return from vacation to testify live at trial, the court is unable to conclude that it would be unduly burdensome for her to do so. *See* FED. R. CIV. P. 45(c)(3)(A)(iv). Plaintiff initiated this litigation in the Northern District of Texas and has sued defendants for millions of dollars. Howard is a high ranking corporate officer with personal knowledge of several important facts, including internal discussions among other officers regarding the "winding down" of defendants' practice area. Under these circumstances, Howard should be required to testify live at trial.[2]

For these reasons, defendants' motion to compel Julie Howard to appear and testify at trial is granted. Howard shall comply with the subpoena served on her attorney.

SO ORDERED.

DATED: July 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties estimate that the trial of this case will take five to eight days. (*See* Jt. PTO at 24, ¶ IV). To the extent possible, defendants should try to accommodate Howard's vacation schedule by having her testify during the week of August 8, 2005. The court also expects counsel for defendants to conduct a substantive and meaningful examination of Howard. Sanctions will be imposed if the court determines that counsel could have effectively presented Howard's testimony by way of deposition instead of compelling her appearance at trial.