IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAVIGANT CONSULTING, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-02-CV-2186-B |
| | § | |
| JOHN WILKINSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants John Wilkinson, Sharon Taulman, and Roberto Canales and non-party Cindi Straup have filed separate motions to quash or modify the duces tecum portion of trial subpoenas served by plaintiff. As grounds for their respective motions, defendants and Straup contend that the subpoenas constitute an improper attempt by plaintiff to obtain documents after the expiration of the discovery deadline. Straup further argues that the documents sought by plaintiff are irrelevant to any claim or defense and that counsel for defendants did not receive prior notice of the document requests as required by Fed. R. Civ. P. 45(b)(1). Plaintiff has filed a written response to the motions and this matter is ripe for determination.

The court initially observes that neither Wilkinson, Taulman, Canales, nor Straup object to the requirement that they appear at trial. Nor do the witnesses contend that it would be unduly burdensome or oppressive to produce the documents requested by plaintiff, which consist of tax returns, financial statements, employment agreements, and documents reflecting stock options and other compensation paid by LECG. Rather, their major complaint appears to be that plaintiff waited too long to seek these documents. The court agrees. "While trial subpoenas may be used to require those served to produce documents at trial for the purpose of memory refreshment or trial

preparation, they may not be used as a means to engage in further discovery." *BASF Corp. v. Old World Trading Co.*, 1992 WL 24076 at *2 (N.D. Ill. Feb. 4, 1992); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999); *Puritan Investment Corp. v. ASLL Corp.*, 1997 WL 793569 at *1 (E.D. Pa. Dec. 9, 1997). Discovery in this case closed on December 15, 2003. Plaintiff made no attempt to obtain the documents specified in the trial subpoenas prior to the expiration of the discovery deadline. Nor are the subpoenaed documents identified as potential exhibits in the pretrial order or plaintiff's exhibit list. The court rejects plaintiff's argument that the documents, which are relevant to defendants' total compensation from LECG and their net worth as of the date of trial, could not have been requested before the close of discovery. Had plaintiff propounded a timely discovery request for these documents, defendants would have been required to seasonably supplement their production with up-to-date information in accordance with Fed. R. Civ. P. 26(e).

The court also rejects plaintiff's argument that the subpoenaed documents will help the witnesses remember how much compensation they earned from LECG. There is no indication that Wilkinson, Taulman, or Canales have no recollection of their compensation. Plaintiff's explanation is a rather transparent attempt to obtain additional documents on the eve of trial long after the expiration of the discovery deadline.

For these reasons, the duces tecum portion of the trial subpoenas served on John Wilkinson, Sharon Taulman, Roberto Canales, and Cindi Straup are quashed.[1] These witnesses are not required to produce any documents at trial. The court declines to award attorney's fees to defendants or Straup.

---

[1] In view of the disposition of these motions, the court need not decide whether the documents requested from Straup are relevant to any claim or defense or whether her subpoena was served in accordance with Fed. R. Civ. P. 45(b)(1).

SO ORDERED.

DATED: July 28, 2005.

                                        JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE