UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAVIGANT CONSULTING, INC., § § Plaintiff, § § V. § § JOHN WILKINSON, et al., § § Defendants. § | § § § § § CIVIL ACTION NO. 3: 02-CV-2186-B § ECF § § § |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for Judgment as a Matter of Law (doc. 295), filed March 24, 2006. Because Defendants have not demonstrated that they are entitled to judgment as a matter of law, the Court **DENIES** Defendants' Motion.

## I. BACKGROUND

Plaintiff Navigant Consulting, Inc. filed suit against Defendants John Wilkinson and Sharon Taulman in 2002, bringing a variety of claims stemming from Defendants' actions prior to leaving their employment with Plaintiff. By the time trial concluded, the only causes of action presented to the jury were breach of contract, breach of fiduciary duty, and misappropriation of trade secrets. Defendants moved for judgment as a matter of law at the close of the evidence, which the Court denied. The jury found Defendants liable on each cause of action and awarded over $ 4 million in damages, including $ 200,000 against each Defendant in exemplary damages. (doc. 271) The Court entered its Judgment on March 10, 2006. (doc. 293) Defendants then filed the instant Motion for Judgment as a Matter of Law. (doc. 295) The parties have briefed the issues, and the Court now

turns to the merits of its decision.

## II. ANALYSIS

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, the Court may grant a motion for judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue. Under Fifth Circuit precedent, judgment as a matter of law is appropriate "only when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court determines reasonable people could not arrive at a contrary verdict." *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760, 776 (5th Cir. 2006). The Court must consider the evidence in the light most favorable to the non-movant and must make all reasonable inferences in the non-movant's favor. *Gomez v. St. Jude Med. Daig Div., Inc.*, 442 F.3d 919, 927 (5th Cir. 2006). Defendants have moved for judgment as a matter of law on all Plaintiff's causes of action, as well as the exemplary damages award, and the Court will analyze each accordingly.

### A. *Misappropriation of Trade Secrets*

Defendants first move for judgment as a matter of law on Plaintiff's misappropriation of trade secrets claim. (Defs. Mot. pp. 2-8) In its Memorandum Order regarding Defendants' Motion to Alter or Amend Judgment, the Court determined that Plaintiff's damages for misappropriation of trade secrets and breach of fiduciary duty were duplicative, and, thus, eliminated the award of damages for misappropriation of trade secrets. Because the damages awarded for the Plaintiff's misappropriation of trade secrets and breach of fiduciary duty claims are duplicative and, as such, would total the same amount regardless of this Court's ruling on the legal viability of Plaintiff's misappropriation of trade secrets claim, the Court declines to address that issue.

## B.     *Breach of Fiduciary Duty*

Defendants next move for judgment as a matter of law on Plaintiff's breach of fiduciary duty claim for a variety of reasons. Defendants' first argument is that, essentially, they are being punished for leaving their jobs with Plaintiff and working for a competitor - actions which they assert are permissible under the Texas at-will employment doctrine. (Defs. Mot. pp. 8-12) This, however, misconstrues the conduct about which Plaintiff complains. The breach of fiduciary duty occurred prior to Defendants' departure, not because of Defendants' departure. At trial, Plaintiff put on evidence that, while still employed with Plaintiff, Defendants attempted to sell Plaintiff's class action administration business to third parties, revealed confidential information to third parties, and committed Plaintiff to a large lease despite knowing that Plaintiff's business would soon be crippled. Thus, finding Defendants' liable for this conduct does not violate the at-will employment doctrine.

Defendants also argue that there was no evidence that they breached their fiduciary duties as set out in *Abetter Trucking Company v. Arizpe*, 113 S.W.3d 503 (Tex. App.--Houston[1st Dist.] 2003, no pet.). (Defs. Mot. pp. 12-16) However, as noted above, Plaintiff's put on evidence that Defendants revealed Plaintiff's confidential information to third parties, attempted to sell Plaintiff's business, and committed Plaintiff to a lease that, had Plaintiff's been fully informed, Plaintiff would not have entered into. As such, there is evidence to support the jury's finding of breach of fiduciary duty, and the Court will not overturn the jury's verdict.

Defendants next contend that there was no evidence that Plaintiff suffered damage as a result of the alleged breaches of fiduciary duty. (Defs. Mot. pp. 16-18) Instead, Defendants assert that all the damage suffered by Plaintiff was simply as a result of Defendants' decision to leave their employment with Plaintiff and their clients' and employees' decisions to follow them. (*Id.*) Again,

however, this misconstrues Plaintiff's argument. Plaintiff's position is that Defendants would not have been able to leave with other employees and clients if they had not breached their fiduciary duties in the first place by trying to sell Plaintiff's business and revealing confidential information. Further, Defendants negotiated an expensive and long-term lease for Plaintiff, despite knowing that Plaintiff's business was about to suffer heavy losses and would likely not need the lease. Thus, there was a legally sufficient evidentiary basis on which the jury could base its verdict. As such, the Court **DENIES** Defendants' Motion for Judgment as a Matter of Law on Plaintiff's breach of fiduciary duty claim.

C.      *Breach of Contract*

Defendants also assert that there is no evidence or insufficient evidence that Defendants breached their VSRP Agreements by sharing "confidential information" with third parties. (Defs. Mot. pp. 18-19) However, there was testimony from Pardun that the proposals Defendants sent to third parties contained Plaintiff's confidential information. (Tr. 4:206, 208-09) Defendants appear to argue that because they created the proposals that the information did not fall within the definition of "confidential information" in the VSRP agreement, which excepts information independently acquired or developed from the definition of confidential information. (Defs. Mot. p. 19) The Court agrees with Plaintiff that this argument is unavailing. The information may have been placed in the proposals by Defendants, but there was evidence that the information belonged to Plaintiff and was confidential. Therefore, the Court **DENIES** Defendants' Motion for Judgment as a Matter of Law regarding Plaintiff's breach of contract claim.[1]

---

[1] Because there is evidence to sustain Plaintiff's breach of contract theory on the basis of disclosing confidential information, the Court need not consider Defendants' arguments that Plaintiff's other breach

### D. *Exemplary Damages*

Finally, Defendants assert that exemplary damages are not warranted under the facts of this case. Specifically, Defendants claim there was no evidence of the actual fraud or malice required to sustain an award of exemplary damages under Texas law. (Defs. Mot. p. 20) Exemplary damages may be awarded if malice is proven by clear and convincing evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003(a). Malice is a "specific intent by the defendant to cause substantial injury or harm to the claimant." *Id.* at 41.001(7). There was evidence before the jury that Defendants attempted to sell Plaintiff's business, revealed Plaintiff's confidential information to third parties, and caused substantial injury to Plaintiff's class action administration business. As such, the Court finds there is a legally sufficient evidentiary basis for the jury's verdict. Therefore, the Court **DENIES** Defendants' Motion for Judgment as a Matter of Law on the issue of exemplary damages.

### III. CONCLUSION

Because Defendants have not met their burden of demonstrating that they are entitled to judgment as a matter of law, the Court **DENIES** Defendants' Motion.

**SO ORDERED**.

SIGNED August   22nd  , 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

of contract theories are faulty.