UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAVIGANT CONSULTING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 02-CV-2186-B |
| | § | ECF |
| JOHN WILKINSON, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for New Trial (doc. 296), filed March 24, 2006. Because Defendants have not met their burden of demonstrating that a new trial is warranted, the Court **DENIES** Defendants' Motion.

### I. BACKGROUND

Plaintiff Navigant Consulting, Inc. brought suit against Defendants John Wilkinson and Sharon Taulman in 2002. The case was tried to a jury from August 1, 2005 to August 9, 2005. The jury returned a verdict for Plaintiff on counts of breach of contract, breach of fiduciary duty, and misappropriation of trade secrets and awarded approximately $4 million in damages. (doc. 271) Following the Court's determination of attorneys' fees and issuance of judgment, Defendants filed the instant Motion for New Trial. (doc. 296) The parties have briefed the issues, and the Court now turns to the merits of its decision.

### II. ANALYSIS

Defendants move for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil

Procedure. New trials may be granted if the verdict is against the weight of evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985). Courts are to decide whether to grant a new trial based on their assessment of the fairness of the trial and the reliability of the jury's verdict. *Seidman*, 923 F.2d at 1140. Here, Defendants assert a new trial is warranted for three reasons: (1) the admission of improper testimony; (2) erroneous jury instructions; and (3) excessive damages. The Court will address each in turn.

## A.   *Improper Testimony*

Defendants first assert that the Court improperly admitted testimony by Dave Pardun that the proposals Defendants sent to outside parties contained Plaintiff's confidential information. (Defs. Mot. pp. 3-4) Defendants claim such testimony was hearsay and should not have been permitted without the underlying document being admitted. (*Id.*) Plaintiff asserts that Defendants failed to preserve their argument because they did not object to this testimony during trial and that the admission of such testimony was harmless. (Pl. Resp. pp. 2-3)

First, Pardun's testimony was not hearsay, as he was not testifying to the truth of the information in the proposals, but rather simply to its presence in the proposals. When the significance of a statement lies solely in the fact that it was made, rather than in the veracity of the statement, the statement is not hearsay, as it is not offered to prove the truth of the matter asserted. *U.S. v. Cantu*, 876 F.2d 1134, 1137 (5th Cir. 1989); *see also* FED. R. CIV. P. 801(c). Here, Pardun's testimony was significant because it showed that Defendants' proposals contained Plaintiff's confidential information. The truth of the information was not at issue. Therefore, the testimony is not hearsay.

Second, Defendants did not object to the testimony when it was offered. Pardun was permitted to testify without objection that he reviewed documents that Defendants handed over to third parties and that those documents contained Plaintiff's confidential information. (Tr. 4: 206, 208-09) While Defendants subsequently objected to some of Pardun's testimony, the testimony at issue here was admitted without objection. The failure to raise an objection at trial waives that objection, and the Court will not grant a new trial on that count. *Johnson v. Michelin Tire Corp.*, 812 F.2d 200, 210 n.8 (5th Cir. 1987). Therefore, because Defendants have not shown that the admission of Pardun's testimony was erroneous or that they preserved their error, the Court **DENIES** Defendants' Motion for New Trial on this point.

B.  *Jury Instructions*

Defendants next contend that the Court erred in its jury instructions regarding Plaintiff's breach of fiduciary duty claim. Defendants assert that the instructions were internally inconsistent, permitting Plaintiff to argue an invalid theory of law, and that the instructions modified the legal standard in a way that harmed Defendants. (Defs. Mot. pp. 4-7) Plaintiff believes the jury instructions were correct and not misleading in any way. (Pl. Resp. pp. 4-5)

A new trial is warranted on the basis of erroneous jury instructions only where the charge, as a whole, leaves the Court with substantial and ineradicable doubt as to whether the jury has been properly guided in its deliberations. *Ganz v. Lyons P'ship, L.P.*, 961 F. Supp. 981, 996 (N.D. Tex. 1997). Here, Defendants first assert that the jury instructions were internally misleading because the instructions stated that fiduciaries must "fully and fairly disclose[] all important information" to Plaintiff, but an employee planning to leave "has no general duty to disclose his plans to his employer." (Defs. Mot. p. 5) The Court does not find these instructions inconsistent, but rather

reflective of the balancing that must be done when considering a fiduciary's obligations to his employer and his right to leave his employer.

In *Abetter Trucking Company v. Arizpe*, the case on which Defendants base much of their argument, the court of appeals stated that employees have a duty to "deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business." 113 S.W.3d 503, 510 (Tex. App.--Houston[1st Dist.] 2003, no pet.). Yet, in the context of a fiduciary preparing to leave his employer, the court stated that there was no general duty to disclose such plans. *Id.* Thus, the *Abetter* case demonstrates that there are some issues that a fiduciary has a duty to disclose and some that he does not. *See id.* at 510-11 (noting the tension between the obligations of a fiduciary and his rights as a potential competitor). The question in this case was on which side of the line Defendants' actions fell. As written, the jury instructions permitted each side to argue their point - that Defendants' actions were permissible preparations to leave or that Defendants' actions crossed the line and breached their fiduciary duties to Plaintiff.

Defendants also contend that the Court's modification of the language in *Abetter* favored Plaintiff. Specifically, the Court stated that an employee may, "but not always," secretly join with other employees in preparing to leave, although *Abetter* did not use the "but not always" language. (Defs. Mot. p. 7) Such a qualification was appropriate, however, in view of the case law. While an employee may join with other employees in preparing to leave, that employee may not solicit those employees to leave their employer, nor may that employee conspire with other employees to misappropriate trade secrets. *Abetter*, 113 S.W.3d at 512. Indeed, the case on which the *Abetter* court relied for the proposition that employees may secretly join with each other in preparing to leave stated that employees "generally" had that right - thus, recognizing that exceptions do exist. *Augat,*

*Inc. v. Aegis, Inc.*, 565 N.E.2d 415, 419 (Mass. 1991). Therefore, the phrase "but not always" did not cause an improper jury verdict.

The same can be said for Defendants' argument regarding the Court's use of the phrase "among other things" when listing what actions are considered breaches of fiduciary duty. (Defs. Mot. p. 7) Plaintiff's allegations in this case - that Defendants tried to sell Plaintiff's class action administration business and then saddled Plaintiff with an expensive lease when Defendants knew they were leaving with the business - did not fit neatly into the breaches of fiduciary duties listed in *Abetter*. However, the Court determined there was room to argue that such actions were a breach of fiduciary duty, so the Court did not limit Plaintiff's argument to the four enumerated breaches listed in *Abetter*. The jury instructions, thus, have not left the Court with a substantial and ineradicable doubt as to whether the jury was properly guided.

Finally, Defendants make numerous other objections to the jury charge by referencing their pending Motion for Judgment as a Matter of Law. (Defs. Mot. pp. 7-9) The Court will, thus, leave its analysis of those objections to its Order regarding that Motion. As such, Defendants have not demonstrated that the Court's jury instructions were erroneous or caused an erroneous verdict. Therefore, the Court **DENIES** Defendants' Motion for New Trial on the ground that the jury instructions were improper.

C.   *Excessive Damages*

Finally, Defendants assert that a new trial is warranted because the jury's damages award was excessive and unsupported by the evidence. (Defs. Mot. p. 9) Defendants do not provide the Court with any legal argument or citations from the record that would support their theory. (*Id.*) A strong presumption exists in favor of affirming a jury's award of damages, and a verdict may be overturned

only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice. *Sanders v. Baucum*, 929 F. Supp. 1028, 1039 (N.D. Tex. 1996)(citing *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 183 (5th Cir. 1995)). There has been no such showing here. Therefore, the Court **DENIES** Defendants' Motion for new trial based on excessive damages.

### III. CONCLUSION

Because Defendants have not demonstrated that a new trial is required in this case, the Court **DENIES** Defendants' Motion for New Trial.

**SO ORDERED**.

**SIGNED August  22nd  , 2006**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE