UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NAVIGANT CONSULTING, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. 3: 02-CV-2186-B |
| § | ECF |
| JOHN WILKINSON, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Alter or Amend Judgment and Memorandum Orders (doc. 297), filed March 24, 2006. After review of the pleadings, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion. The Court will issue an Amended Judgment that does not award prejudgment interest on exemplary damages and eliminates the misappropriation of trade secrets damages, but will not amend its judgment in any other way.

### I. BACKGROUND

The factual and procedural background of this case have been well-documented. Relevant to this Motion is the Court's Memorandum Opinion regarding the award of attorneys' fees and the Court's Judgment, both issued on March 10, 2006. (docs. 292, 293) In their Motion, Defendants argue that the Court (1) improperly awarded prejudgment interest on the exemplary damages, (2) improperly awarded attorneys' fees in an amount greater than shown by the evidence, and (3) improperly awarded duplicative damages. The parties have briefed the issues, and the Court turns to the merits of its decision.

## II. ANALYSIS

Defendants seek relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of a Rule 59(e) motion is to allow a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It is not, however, a vehicle for rehashing evidence, legal theories, or arguments that could have been raised before the entry of judgment. *Id.* at 478-79 (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Defendants have raised three issues that they believe constitute manifest errors of law or fact that the Court will now address.

### A.  *Prejudgment Interest on Exemplary Damages*

Defendants first assert that the Court erred in awarding prejudgment interest on the exemplary damages awarded to Plaintiff. (Defs. Mot. p. 2) Plaintiff agrees that the award was erroneous. (Pl. Resp. p. 7) Pursuant to the Texas Civil Practice and Remedies Code, which controls prejudgment interest in this case, prejudgment interest may not be assessed on an award of exemplary damages. TEX. CIV. PRAC. & REM. CODE ANN. § 41.007 (Vernon 1997 & Supp. 2006). Thus, the Court's Judgment contained a manifest error of law when it awarded such prejudgment interest. Therefore, the Court **GRANTS** Defendants' Motion in this respect and will issue an Amended Judgment to reflect the correct amount of damages on which prejudgment interest may be assessed.

### B.  *Award of Attorneys' Fees*

Defendants next take issue with the Court's award of attorneys' fees. In its Memorandum Order of March 10, 2006 (doc. 292), the Court found that Plaintiff was entitled to its attorneys' fees for Defendant Sharon Taulman's breach of contract claim, but that many of Plaintiff's other claims were inextricably intertwined with Taulman's breach of contract. (Mem. Ord. pp. 15-18) Therefore,

the Court reduced the fee award by 40% to account for the claims that were not inextricably intertwined. (*Id.* at p. 18) Defendants assert that the Court erred in awarding 60% of the attorneys' fees and by not requiring Plaintiff to segregate its fees. (Defs. Mot. p. 4)

The reasoning behind the Court's decision is fully explained in its Memorandum Order. Here, Defendants have not shown manifest error in the Court's decision that many of the claims were inextricably intertwined. Instead, Defendants focus on the Court's decision to award 60% of the attorneys' fees as opposed to requiring Plaintiff to segregate its fees or denying fees altogether. (*Id.*) The Court initially notes that evidence of unsegregated attorneys' fees is more than a scintilla of evidence of segregated attorneys' fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991). Therefore, an outright denial of attorneys' fees is not warranted.

Next, while the Court determined that segregation was required, the Court also determined that segregation was not possible, based on the evidence before the Court. The Court reviewed approximately eighty (80) pages of time sheets and records kept by Plaintiff's counsel. Most of the entries were general and did not lend themselves to segregation. Indeed, an order to segregate in this case would have been an exercise in futility.[1] As such, the Court, based on its involvement in the summary judgment and trial of this matter, decided that an award of 60% was appropriate.

Defendants cite to *United States ex rel. Varco Pruden Buildings v. Reid & Gary Strickland Company*, 161 F.3d 915 (5th Cir. 1998), as support for their proposition that a percentage reduction was improper. In that case, the Fifth Circuit disapproved of a 10% reduction of attorneys' fees in lieu

---

[1] For example, the time entries included ones such as "Continue to draft," "Study depositions and documents," "Prepare for trial," and "Prepare and attend trial." It is unclear how such entries could be segregated other than on a percentage basis.

of specific segregation because segregation, while difficult, was possible. *Id.* at 921-22. Here, however, the Court does not believe that segregation is possible, even though it is required. Therefore, since the Court found that attorneys' fees were appropriate, were inextricably intertwined with other claims, and were not capable of segregation, it applied a 40% reduction based on its review of the case and evidence. Defendants have failed to demonstrate that this constitutes a manifest error of law or fact and, as such, the Court **DENIES** their Motion regarding attorneys' fees.

C.   *Duplicative Damages*

Finally, Defendants allege that the Court erred by awarding duplicative damages. Specifically, Defendants claim that the damages awards for the breach of fiduciary duty claim and misappropriation of trade secrets claim are for the same injury and that the amounts awarded against Wilkinson and Taulman for both claims are duplicative of each other. (Defs. Mot. pp. 5-7) A party may not recover the same damages twice, even though recovery is based on two different theories. *Atkinson v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 441 (5th Cir. 1987). Thus, the Court considers Plaintiff's breach of fiduciary duty theory, misappropriation of trade secrets theory, and the damages evidence for each cause of action.

According to Plaintiff's Trial Brief (doc. 198), Defendants breached their fiduciary duties by, among other things, including Plaintiff's confidential information in five Confidential Offering Statements, two Pro Formas, and Beedie's Memorandum. (Pl. Trial Br. p. 7) Plaintiff's misappropriation of trade secrets claim was that Defendants included Plaintiff's confidential information in five Confidential Offering Statements, two Pro Formas, and Beedie's Memorandum. (*Id.* at p. 12) Thus, Plaintiff's misappropriation of trade secrets claim appears to be entirely subsumed in its breach of fiduciary duty claim.

Looking further to Plaintiff's argument on damages, the Court considers Plaintiff's Response to Defendants' Motion for Judgment as a Matter of Law. (doc. 300) In defending the jury's award of damages for misappropriation of trade secrets, Plaintiff asserts the damage was the destruction of its class action administration business. (Pl. JMOL Resp. Br. p. 7) Plaintiff specifically references testimony that Defendants took the "class management claims business, virtually all the employees, virtually all the clients, the relationships, the goodwill, everything to do with that business" as evidence of its damages. (*Id.*) In that same brief, Plaintiff claims that the damages for Defendants' breach of fiduciary duty was that Plaintiff's class action administration business was reduced to nothing. (*Id.* at pp. 14-15) Plaintiff then references the exact same quote that Defendants took the "class management claims business, virtually all the employees, virtually all the clients, the relationships, the goodwill, everything to do with that business" as evidence to support its damages. (*Id.* at p. 15) Therefore, it appears that Plaintiff's damages for both the misappropriation of trade secrets and breach of fiduciary duty was the same - the destruction of Plaintiff's business.

The discussion of the jury instructions regarding damages is also instructive. Plaintiff requested and received an instruction that the jury should consider "the value of [Plaintiff's] class action administration practice in Dallas" in determining the amount of damages for breach of fiduciary duty. (Tr. 7:185-86; Jury Instr. p. 16) Review of Plaintiff's argument regarding the misappropriation of trade secrets damages instruction reveals that Plaintiff's damage for the misappropriation was also the value of its class action administration practice. (Tr. 7:188-89) Finally, Plaintiff's closing argument made no attempt to distinguish between damages for breach of fiduciary duty and misappropriation of trade secrets.

Thus, Plaintiff relied on the same facts to prove both its breach of fiduciary duty and

misappropriation of trade secrets claims and used the same measure of damages - the destruction of Plaintiff's business - for each claim. As such, the Court agrees with Defendants that Plaintiff's recovery for misappropriation of trade secrets and breach of fiduciary duty is duplicated. Plaintiff was awarded $200,000 from each Defendant for misappropriation of trade secrets and $1,500,000 from each Defendant for breach of fiduciary duty. (doc. 271) Therefore, the Court **GRANTS** Plaintiff's Motion on this point and will reduce the amount of judgment against each Defendant by $200,000 - the amount awarded for misappropriation of trade secrets and duplicated in the breach of fiduciary duty claim.

### III. CONCLUSION

Because the award of prejudgment interest on exemplary damages and the award of duplicative damages were manifest errors of law, the Court **GRANTS** that portion of Defendants' Motion and will issue an Amended Judgment. Defendants have not demonstrated a manifest error of law or fact with respect to the remainder of the challenged rulings; therefore, the Court **DENIES** the rest of Defendants' Motion.

**SO ORDERED**.

SIGNED August __22nd__, 2006

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE